■ SPEARIN, PRESTON & BURROWS, INC., Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 30, 1989, which denied the motion of defendant, the City of New York (City), for partial summary judgment dismissing the second through twelfth causes of action of the complaint and which denied the motion of plaintiff, Spearin, Preston & Burrows, Inc. (Spearin), for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

In 1980, Spearin and the City entered into a contract, pursuant to which Spearin was to perform certain general construction work in connection with the reconstruction of the Wollman Memorial Ice Skating Rink in Central Park. In December 1980, Spearin commenced the work which, under the terms of the contract, was to be completed within 270 calendar days.

Although 60% of the work was completed in 66% of the time alloted, the balance was not completed until June 1983. In March 1984, Spearin submitted a verified statement and notice of claim seeking payment in the amount of $515,833 for costs it incurred on account of the delay, and subsequently commenced the within lawsuit asserting 12 causes of action for damages totaling $544,021. Spearin based its claims, *inter alia,* on allegations that the City's gross negligence and malfeasance in connection with the project were responsible for the costly delays.

The City maintained that Spearin's claims were generally barred by article 13 of the contract, a broad exculpatory clause which relieves it from any claim arising from delay, and by a waiver agreement executed in connection with each time extension request, in which Spearin purportedly waived any claim arising from the contract in return for expedited payment.

The parties have presented conflicting evidence in support of their respective positions, and the City Comptroller's report places responsibility on the City for poor planning. On this record, Spearin has presented sufficient evidence to raise numerous questions of fact requiring a trial on the issues of whether the City acted in bad faith and whether it was willfully and grossly negligent with respect to its performance under the contract.

Damages arising from delays caused by a contractee's bad faith or willful, malicious or grossly negligent conduct are recoverable, irrespective of a clause generally exculpating the contractee from delay liability. (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309.) Uncontemplated delays also give rise to a claim for damages, despite the existence of an exculpatory clause (supra, at 309-310). Further, it cannot be said as a matter of law that the purported waivers bar Spearin's claims, since many of the claims fall within an exception contained in the waivers, and since there are questions as to whether plaintiff in fact received expedited payment.

For all of these reasons, the summary judgment motions of both plaintiff and defendant were properly denied. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.