■ GLENN PARTITION, INC., Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (David Edwards, J.), entered on or about September 6, 1989, which, inter alia, denied plaintiff's motion pursuant to CPLR 3025 (b) to amend the complaint, unanimously affirmed, with costs.

Although CPLR 3025 (b) provides that leave to amend a complaint shall be freely granted *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957), this court has held that in determining whether to grant leave to amend the court must examine the underlying merits of the causes of action asserted therein, since to do otherwise would constitute a waste of judicial resources. *(Brennan v City of New York,* 99 AD2d 445.)

Here, it was not an abuse of discretion to deny plaintiff's motion to amend the complaint. Plaintiff's proposed amended complaint, seeking to add two new causes of action for fraud and misrepresentation based upon the same factual allegations as in the original complaint, failed to state cognizable claims, since a cause of action for fraud does not arise when the only fraud alleged relates to a breach of contract. *(Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526.)

Moreover, the proposed fraud claims were legally deficient because they relied upon alleged misrepresentations of future intent *(Rubenstein v East Riv. Tenants Corp.,* 139 AD2d 451, 454) and failed to plead fraud with sufficient particularity as required by CPLR 3016 (b). *(New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, *affd* 56 NY2d 1015.)

Finally, we find that plaintiff's reliance upon *Corinno Civetta Constr. Corp. v City of New York* (67 NY2d 297) and *Kalisch-Jarcho, Inc. v City of New York* (58 NY2d 377) for the proposition that a fraud cause of action may be utilized to evade a no-damages-for-delay clause in the parties' contract is misplaced, since their teaching is that a contractor's remedy for delay resulting from willful or grossly negligent acts of the contractee remains exclusively in contract rather than in tort. *(See, Corinno Civetta Constr. Corp. v City of New York, supra,* at 309; *Kalisch-Jarcho, Inc. v City of New York, supra,* at 385.) Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.