■ CASTAGNA & SON, INC., et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (NEW DORP HIGH SCHOOL), Appellant.—Order, Supreme Court, New York County (Eve Preminger, J.), entered August 10, 1990, which, *inter alia,* denied the motion by the defendant Board of Education of the City of New York ("the Board") for partial summary judgment and for leave to amend its answer to the complaint of plaintiff Herrick Electrical Contracting Co., Inc. ("Herrick") so as to add an affirmative defense based upon General Municipal Law §§ 50-e and 50-i; granted the cross-motion by plaintiff Castagna & Son, Inc. ("Castagna") to the extent of dismissing the first, fifth through eighth and tenth through eighteenth affirmative defenses asserted in the Board's Answer to the Castagna complaint, and which granted the cross-motion by plaintiff Herrick to the extent of dismissing the first through third and seventh through eleventh affirmative defenses asserted by the Board in its Answer to the Herrick complaint, unanimously affirmed, without costs.

In this consolidated action, plaintiff Castagna, which was awarded a $16,805,000 contract for the general construction of New Dorp High School in Staten Island, New York, and plaintiff Herrick, which was awarded a $3,919,313 contract for electrical work therein, on a fixed-price basis with time of the essence provisions, seek to recover, *inter alia,* delay damages

and increased costs of construction allegedly resulting from the Board's breach of the parties' contract by wrongfully disrupting and interfering with the plaintiffs' performance thereof in a manner not contemplated by the parties, depriving the plaintiffs of substantial portions of the work site, and by deliberately concealing from the plaintiffs the Board's knowledge that the plans and specifications for the project were defective, incomplete, internally inconsistent, outdated and not in compliance with Board of Education standards and building codes.

Plaintiffs allege that the Board deliberately concealed its pre-bid intention to issue, after work commenced, numerous complex, far reaching and time-consuming composite drawings, bulletin changes, bulletin drawings and supplements to the four interdependent prime contractors materially altering and increasing both the scope of the work to be performed and the costs the contractors were expected to bear as a result of the Board's vast changes to the project plans and specifications.

The Board has sought to exculpate itself from liability by relying upon the no-damages-for-delay clause in Articles 16 and 39 of the prime contractors' agreement between the plaintiffs and the Board.

Although the Court of Appeals has held that a contract clause barring damages for delay in the performance of the contract is valid, such a clause will not preclude delay damages resulting from the contractee's intentional wrongdoing, gross negligence or wilful misconduct (*Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 305).

Plaintiffs have presented sufficient evidence to raise triable issues of fact as to whether the delay damages were caused by the Board's bad faith, or its wilful, malicious or grossly negligent conduct with respect to its performance under the parties' contract; as to whether the piecemeal, nonsequential and belated manner in which the contract work and specifications were changed by the Board, were, in fact, contemplated by the parties, and as to whether the delay damages resulted from the Board's breach of a fundamental obligation of the contract (*Spearin, Preston & Burrows v City of New York,* 160 AD2d 263, 264).

We reject the Board's assertion that the plaintiffs' claims, whether characterized as fraud, misrepresentation, bad faith, or gross negligence, in this context, sounded in tort, rather than contract, and thereby required compliance with General

Municipal Law §§ 50-e and 50-i *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *Glenn Partition v Trustees of Columbia Univ.,* 169 AD2d 488, 489).

We have reviewed the Board's remaining contentions with respect to the dismissal of the affirmative defenses, and find them to be without merit. Concur—Rosenberger, P. J., Ellerin, Kupferman, Asch and Smith, JJ.