■ CLARK-FITZPATRICK, INC., Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant. [603 NYS2d 526] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Burstein, J., on decision; Burke, J., on order), entered August 23, 1993, which denied its motion for partial summary judgment dismissing certain portions of the complaint.

Ordered that the order is modified, on the law, by adding to the decretal paragraph thereof after the word "for" the word "partial", and after the word "is" the words "granted to the extent of dismissing the cause of action to recover damages for fraud, and is otherwise"; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff, Clark-Fitzpatrick, Inc., was awarded a $9,483,081 contract for the construction of the Port Jefferson branch track-improvement project for the defendant Long Island Rail Road Company (hereinafter LIRR). The plaintiff seeks to recover, *inter alia,* damages due to construction delays allegedly resulting from the LIRR's breach of the parties' contract by wrongfully disrupting and interfering with the plaintiff's performance, by failing to provide the plaintiff with access to substantial portions of the work site, and by deliberately concealing from the plaintiff its knowledge that the plans for the project were incomplete. The plaintiff contends that, prior to the award of the contract, the LIRR deliberately concealed its intention to issue, after work commenced, a substantial design change that would require the time-consuming acquisition of private property before construction could begin and

that the acquisition of such property was anticipated to cause substantial delays.

The LIRR contends that plaintiff's claims are barred by article 14 of the contract, a broad exculpatory clause which the LIRR contends relieves it from any claims arising from delays in the performance of the work.

Damages arising from delays caused by the bad faith or willful, malicious or grossly negligent conduct of a party to a contract are recoverable, irrespective of a clause generally exculpating that party from liability for delays *(Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 309). Uncontemplated delays also give rise to a claim for damages, despite the existence of an exculpatory clause *(Corinno Civetta Constr. Corp. v City of New York, supra,* at 309-310).

Based upon our review of the record, we find that the Supreme Court properly determined that triable issues of fact concerning the planning, design, and implementation of this construction project rendered the granting of partial summary judgment on the breach of contract cause of action inappropriate *(see, Castagna & Son v Board of Educ.,* 173 AD2d 405, 406; *Spearin, Preston & Burrows v City of New York,* 160 AD2d 263, 264; *see also, Williams & Sons Erectors v South Carolina Steel Corp.,* 983 F2d 1176). Specifically, there appear to be questions concerning, *inter alia,* whether the LIRR acquired the necessary property rights to proceed with the project prior to the awarding of the contract.

However, to the extent that the plaintiff alleges a cause of action to recover damages for fraud, the Supreme Court erred in denying the LIRR's motion for partial summary judgment dismissing that claim. The remedy for delays resulting from willful or grossly negligent acts of a contracting party remains exclusively in contract rather than tort *(see, Corinno Civetta Constr. Corp. v City of New York, supra,* at 309; *Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 385; *see, e.g., Glenn Partition v Trustees of Columbia Univ.,* 169 AD2d 488). Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.