■ LANDIS & GYR POWERS, INC., Appellant-Respondent, v BERLEY INDUSTRIES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. DORMITORY AUTHORITY OF STATE OF NEW YORK, Third-Party Defendant-Respondent. [750 NYS2d 82] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated May 29, 2001, as granted the motion of the defendants third-party plaintiffs Berley Industries, Inc., and Travelers Indemnity Company for summary judgment dismissing the second, third, fourth, and fifth causes of action of the complaint and so much of the sixth cause of action of the complaint as was dependent upon those causes of action, and the defendants third-party plaintiffs Berley Industries, Inc., and Travelers Indemnity Company separately appeal from so much of the same order as granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Berley Industries, Inc. (hereinafter Berley), contracted with the Dormitory Authority of the State of New York for heating, ventilation, and air conditioning work at a renovation project at Queens College. Berley subcontracted the automatic temperature control work to the plaintiff. Due to delays allegedly caused by Berley's mismanagement of the project and failure to compel another subcontractor, General Sheet Metal, Inc., to timely and properly perform work upon which the plaintiff's work depended, the plaintiff's work was not completed until approximately 418 days after the original

contract completion date. Alleging that it was damaged by the delay, the plaintiff commenced this action against Berley and the defendant, Travelers Indemnity Company (hereinafter Travelers), Berley's surety, seeking to recover, inter alia, the increased cost of the work occasioned by the delay and other damages under theories of breach of contract, tort, and quantum meruit. The plaintiff sought to recover from Travelers on the payment bond. The Supreme Court granted the defendants' motion for summary judgment dismissing all causes of action in the complaint seeking damages for delay and the second cause of action seeking payment for alleged extra and additional work. The court also granted the motion of the third-party defendant, the Dormitory Authority of the State of New York, for summary judgment dismissing the third-party complaint. The plaintiff and the defendants third-party plaintiffs appeal. We affirm.

The Supreme Court properly dismissed the second cause of action seeking to recover the sum of $13,806 for extra and additional work allegedly performed by the plaintiff. The defendants third-party plaintiffs demonstrated that there was no factual basis for the claim, and the plaintiff's opposition to the motion failed to raise a question of fact warranting denial of summary judgment as to the second cause of action (*see Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Likewise, the fourth cause of action sounding in tort was properly dismissed (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Zulinski v Merkley Bros.,* 247 AD2d 613), as was the fifth cause of action sounding in quantum meruit (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., supra; Tako Holdings v Tillman,* 272 AD2d 394; *Schiavone Constr. Co. v Triborough Bridge & Tunnel Auth.,* 209 AD2d 598).

The subcontract between Berley and the plaintiff contained a clause providing that the plaintiff was not entitled to compensation for delay caused by Berley. On its motion for summary judgment, Berley argued that the plaintiff's third cause of action, which sought to recover for extra expenses incurred by the plaintiff as a result of delays allegedly caused by Berley, was barred by the no-damage-for-delay provision of the contract. "It is well established that no-damage-for-delay clauses commonly included in construction contracts are enforceable unless the claimed delays were not contemplated by the parties at the time they entered into the contract or the delay damages were the result of the contractee's intentional wrongdoing, gross negligence or willful misconduct" (*Novak &*

*Co. v Dormitory Auth. of State of N.Y.,* 172 AD2d 653; *see Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 198 AD2d 254). The Supreme Court properly concluded that the plaintiff failed to raise any factual issue that the delays were not contemplated by the parties, or that Berley's conduct was intentional, willful, or grossly negligent, thus, summary judgment dismissing the third cause of action and so much of the sixth cause of action as was dependent upon the third cause of action was properly granted.

Lastly, the Supreme Court properly dismissed the third-party complaint as there is no basis, in contract or otherwise, for the defendants third-party plaintiffs' claim of entitlement to indemnification from the third-party defendant.

The parties' remaining contentions are without merit. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.