■ TROCOM CONSTRUCTION CORP., Appellant, v CITY OF NEW YORK, Respondent. [859 NYS2d 41]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 22, 2006, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings.

This case concerns a contract between the parties for the reconstruction of Sixth Avenue in Manhattan, from West 56th Street to Central Park South. Under the contract, plaintiff was to perform soil borings to locate and determine the size of underground voids believed to be contributing to sidewalk and pavement subsidence and to appropriately remediate the voids identified in these boring operations. Because defendant contemplated that work on the project would interfere with vehicular and pedestrian traffic, adversely affecting local residences and businesses, it provided various payment incentives for early completion. Pursuant to section HW-901 of the contract, plaintiff was eligible to receive early completion bonuses if work on both sides of the avenue was completed within 30 days.

Delays, principally over disputes concerning the boring operation, hampered timely completion of the work on the avenue's

west side. Defendant insisted that plaintiff bore through boulders, which plaintiff insisted was not required by the contract specifications. Plaintiff added that if it were required to drill through boulders, such an operation would be better performed using an air-driven impact system, which causes vibrations. Defendant initially insisted that plaintiff drill through boulders using the hollow auger drill specified in the contract specifications. This dispute was partially resolved in a proceeding before the Contract Dispute Resolution Board (CDRB), which found that plaintiff's interpretation of the contract specifications was the reasonable one, thus entitling plaintiff to compensation for the extra work performed. The Board lacked jurisdiction, however, over plaintiff's claim for the incentive bonus for early completion of the work on the west side of the avenue. Plaintiff commenced this lawsuit for payment it allegedly would have received but for defendant's interference with the boring operation.

It has already been determined that plaintiff was entitled to a substantial change order on account of this extra work. However, plaintiff has not been fully compensated for the breach, since plaintiff expected to earn a significant incentive bonus for completing the west side work within 30 days. This bonus was bargained for by both parties and was known to the parties at the time of contracting. The bonus is thus an element of damages, naturally flowing from the breach, to which plaintiff is entitled upon a proper evidentiary showing. It cannot be said, as the motion court held, that plaintiff has already been fully compensated for the breach.

We reject defendant's argument that the bonus is barred by the "no damages for delay" provision of the contract. Compensation for loss of an incentive bonus is not "damages for delay" within the meaning of such a provision. As the Court of Claims reasoned in *Nigro Bros., Inc. v New York State Thruway Auth.* (1998 WL 1181900, *9 [1998], *affd* 270 AD2d 321 [2000]), "[W]hat is sought here is a bid item of the contract. 'Extra' compensation or monies outside the scope of the contract, which the delay clause would perhaps prohibit, is not sought. The [bonus] monies at issue here were clearly contemplated by both parties and explicitly included as a pay item in the contract. Claimant was required by the contract to attempt early completion and, if accomplished, would receive $16,000.00 for each day it completed specified work prior to June 30, 1989. Thus, [delay] damages in the traditional sense of the term is not at issue and . . . the delay clause would not operate to bar recovery."

Even if the "delay for damages" clause were applicable, there

are exceptions to the enforcement of such a clause. Damages are recoverable for delays caused by a contractee's bad faith or willful, malicious or grossly negligent conduct, as are damages for uncontemplated delays, irrespective of such a clause (*Spearin, Preston & Burrows v City of New York*, 160 AD2d 263, 264 [1990]). On this record, factual issues exist concerning the applicability of these exceptions.

The inquiry next shifts to whether plaintiff has shown it had the capability of completing the work on the avenue's west side within the 30-day period specified in the contract in order to earn the west side bonus. There is considerable record evidence that the delays in the work were attributable in large part to defendant. The CDRB has already determined that plaintiff's interpretation of the contract specifications as not requiring it to bore through boulders was the reasonable one. There is also record evidence that defendant prevented plaintiff from performing the boring work with the air-driven impact boring system over a six-week period.

The motion court found that plaintiff's assessment of the damage it suffered by defendant's delays as equaling the maximum amount of the incentive was speculative. The court found that the delays in the completion of the west side work could have been attributable to other factors, such as lack of availability of equipment or manpower, subcontractor failures or elements unique to the project site.

However, the court overlooked plaintiff's evidence, which raises a triable issue of fact as to whether plaintiff could have completed the west side work within 30 days but for defendant's delays. Anthony Santoro, plaintiff's vice-president and project executive, opined that but for defendant's delays, plaintiff would have completed the work within 30 days; this was based on an analysis of plaintiff's actual performance of the east side work using only the air-driven impact boring system, and the latter stages of the west side work after plaintiff had been allowed to use the air-driven impact system. Santoro relied on project records indicating that plaintiff performed 3,128 vertical feet of boring on the east side in eight days, or 391 vertical feet per day, and that there were a total of 4,908 vertical feet of borings on the west side. Applying this rate of progress, Santoro opined that plaintiff would have completed its boring on the west side within 13 days. To be more conservative, Santoro used the lesser rate of 260.31 vertical feet per day actually achieved by plaintiff's subcontractor, WGI, once it switched to using only the air-driven impact boring system. Using this more conservative number, plaintiff would still have completed the west side

work in roughly 19 days (4,908 divided by 260.31). Santoro added to this time span the three days plaintiff used to complete its placement of maintenance and protection of traffic devices, as well as an additional day plaintiff used to finish its backfilling or grouting of the bore holes (which was being performed simultaneously with the actual drilling). Based on this data, Santoro opined that plaintiff would have completed the west side work in no more than 23 days.

Since plaintiff raised issues of material fact as to whether it could have completed the west side work within 30 days, summary dismissal of the claim was unwarranted. Concur— Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.