# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1192**

**CA 12-00521**

PRESENT: SCUDDER, P.J., SCONIERS, VALENTINO, AND WHALEN, JJ.

---

JANERIO ALDRIDGE, M.D., HASHMAT ASHRAF,
M.B.B.S., F.R.C.S., LUJEAN JENNINGS, PH.D.,
M.D., AND BUFFALO THORACIC SURGICAL
ASSOCIATES, P.C.,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

                V                       MEMORANDUM AND ORDER

RICHARD F. BRODMAN, M.D. AND BUFFALO
CARDIOTHORACIC SURGICAL, PLLC,
DEFENDANTS-RESPONDENTS-APPELLANTS.
--------------------------------------------------
RICHARD F. BRODMAN, M.D. AND BUFFALO
CARDIOTHORACIC SURGICAL, PLLC, THIRD-PARTY
PLAINTIFFS-APPELLANTS,

                V

KALEIDA HEALTH, THIRD-PARTY DEFENDANT-RESPONDENT.

---

PHILLIPS LYTLE LLP, BUFFALO (LISA MCDOUGALL OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

JAECKLE, FLEISCHMANN & MUGEL, LLP, BUFFALO (CHARLES C. SWANEKAMP OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS AND THIRD-PARTY
PLAINTIFFS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (ROBERT J. LANE, JR., OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (John A. Michalek, J.), entered July 5, 2011. The order, among
other things, granted third-party defendant's motion for summary
judgment dismissing the third-party complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying in part the motion of
third-party defendant for summary judgment dismissing the third-party
complaint and reinstating the first cause of action in the third-party
complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs appeal and defendants-third-party
plaintiffs (defendants) cross-appeal from an order that, inter alia,
granted that part of plaintiffs' motion seeking summary judgment

dismissing defendants' counterclaims, granted the motion of defendants for summary judgment dismissing plaintiffs' "third converted and amended complaint" (complaint), and granted the motions of third-party defendant, Kaleida Health (Kaleida), for summary judgment dismissing the complaint and the third-party complaint.

The individual plaintiffs are cardiothoracic surgeons and the sole shareholders of plaintiff Buffalo Thoracic Surgical Associates, P.C. Prior to the events giving rise to the instant appeal and cross appeal, plaintiffs had privileges to perform surgery at hospitals operated by Kaleida. Defendant-third-party plaintiff Richard F. Brodman, M.D. is also a cardiothoracic surgeon, and he formed defendant-third-party plaintiff Buffalo Cardiothoracic Surgical, PLLC (BCS) for the purpose of providing cardiothoracic surgery services at Kaleida's hospitals. In 2003, Kaleida entered into separate contracts with Brodman and BCS, whereby Brodman became the Chief of Service of cardiothoracic surgery, and physicians associated with BCS became the exclusive providers of cardiothoracic surgery services at Kaleida's hospitals. Subsequently, plaintiffs rejected defendants' offer to join BCS, and Kaleida terminated plaintiffs' privileges to perform surgeries at its hospitals. In January 2005, Brodman resigned from his position with Kaleida, Kaleida terminated its contracts with defendants for cause, and plaintiffs regained their privileges to perform surgery at Kaleida's hospitals.

In their complaint, plaintiffs asserted three causes of action against defendants, one of which has since been dismissed. In the remaining two causes of action, plaintiffs asserted that defendants committed unfair trade practices, and that they engaged in tortious interference with plaintiffs' business relationships. In their counterclaims, defendants asserted that plaintiffs engaged in tortious interference with contractual relations between defendants and Kaleida and between defendants and other members and employees of BCS. In their third-party action, defendants sought contractual indemnification from Kaleida.

Contrary to plaintiffs' contentions, the court properly granted the motions of defendants and Kaleida for summary judgment dismissing plaintiffs' remaining two causes of action because defendants and Kaleida established that plaintiffs did not sustain any damages as a result of defendants' conduct, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Defendants and Kaleida met their initial burdens by submitting deposition testimony and answers to interrogatories in which plaintiffs admitted that they could not identify the loss of any patients or referrals because of defendants' alleged unfair trade practices and/or tortious interference with plaintiffs' business relationships. In their responding papers, plaintiffs submitted tax returns establishing that they experienced lower revenues during the period in which defendants allegedly committed the conduct underlying plaintiffs' second and third causes of action, but plaintiffs failed to offer any evidence connecting the decline in revenues to defendants' conduct. Contrary to plaintiffs' contention, "plaintiff[s] failed to raise a triable issue of fact as to whether

defendant[s'] alleged [conduct] was a proximate cause of plaintiff[s'] losses" (*Gerber Trade Fin., Inc. v Skwiersky, Alpert & Bressler, LLP*, 12 AD3d 286, 286, *lv denied* 4 NY3d 705).  "Where a party has failed to come forward with evidence sufficient to demonstrate damages flowing from the [defendants' conduct] and relies, instead, on wholly speculative theories of damages, dismissal of the . . . [causes of action at issue] is in order" (*Lexington 360 Assoc. v First Union Natl. Bank of N. Carolina*, 234 AD2d 187, 190).

We further conclude that the court properly granted that part of plaintiffs' motion for summary judgment dismissing defendants' counterclaims for tortious interference with contractual relations. Contrary to defendants' contention, plaintiffs established that they did not intentionally induce a third party "to breach [a contract with defendants] or otherwise render performance impossible" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94), and defendants failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Contrary to the contention of defendants, the court properly granted those parts of Kaleida's motion for summary judgment dismissing the third-party complaint to the extent that it seeks contractual indemnification with respect to plaintiffs' second and third causes of action.  Although we have concluded herein that the second and third causes of action were properly dismissed, defendants would nevertheless be entitled to recover attorneys fees incurred in defending against them.  However, attorneys fees are not recoverable inasmuch as those causes of action allege that defendants committed intentional torts.  "Indemnification agreements are unenforceable as violative of public policy . . . to the extent that they purport to indemnify [parties] for damages flowing from the intentional causation of injury" (*Austro v Niagara Mohawk Power Corp.*, 66 NY2d 674, 676).

We further conclude that the court properly granted that part of Kaleida's motion for summary judgment dismissing the third-party complaint to the extent that it seeks contractual indemnification of BCS with respect to plaintiffs' first cause of action.  Again, defendants seek attorneys fees incurred in defending BCS against that cause of action, before that cause of action was dismissed. Nevertheless, defendants are not entitled to recover those fees because plaintiffs' first cause of action alleges that defendants committed culpable conduct, and the independent contractor agreement between Kaleida and BCS does not provide that Kaleida must indemnify BCS for BCS's own conduct.  Kaleida thus met its initial burden, and defendants failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

We agree with defendants, however, that the court erred in granting that part of Kaleida's motion for summary judgment dismissing the third-party complaint to the extent that it seeks contractual indemnification of Brodman with respect to plaintiffs' first cause of action.  We therefore modify the order accordingly.  In support of the motion, Kaleida submitted its employment agreement with Brodman, which included the provision that Kaleida "shall be obligated to indemnify and hold harmless [Brodman] from and against any and all third party

claims, damages, judgments, costs, expenses, interest and penalties (including, without limitation, attorneys' fees) unless it is determined that [Brodman] did not act reasonably within the scope of his employment."  Kaleida did not establish as a matter of law that Brodman's conduct with respect to plaintiff's first cause of action was not reasonably within the scope of his employment (*see generally Zuckerman*, 49 NY2d at 562).

We have reviewed the parties' remaining contentions and conclude that they are without merit.

Entered:  November 16, 2012                     Frances E. Cafarell
                                                Clerk of the Court