■ WEST GATE LANDSCAPING, INC., Appellant, v COUNTY OF ROCKLAND, Respondent. [16 NYS3d 470]—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated July 22, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff alleged that the defendant, the County of Rockland, breached a contract between the parties for a project to stabilize the banks of the Nauraushaun Brook. The County terminated the contract on the ground that the plaintiff was unable to successfully complete the project. The plaintiff, however, alleged that the County caused and created delays that prevented it from completing the project.

Under the circumstances of this case, the Supreme Court should have denied the County's motion for summary judgment dismissing the complaint. The County established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to complete the project according to the terms of the contract (*see Central Irrigation Supply v Putnam Country Club Assoc., LLC*, 27 AD3d 684, 685 [2006]). However, in opposition, the plaintiff raised triable issues of fact, inter alia, as to whether the County's conduct hindered the plaintiff's ability to perform under the terms of the contract (*see Turbo Carpentry Corp. v Brancadoro*, 21 AD3d 479, 480 [2005]).

Furthermore, while the County established, prima facie, that the plaintiff's claim for delay damages was precluded by the no-damages-for-delay clause in the parties' contract, the plaintiff raised triable issues of fact as to whether the delays resulted from the County's bad faith or its willful, malicious, or grossly negligent conduct, and/or whether the delays resulted from the County's breach of a fundamental obligation of the contract (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]; *Castagna & Son v Board of Educ. of City of N.Y. [New Dorp High School]*, 173 AD2d 405 [1991]). Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.