R-jJTaylor Gen. Contr., Inc. v Fairport Cent. Sch. Dist. (2019 NY Slip Op 01992)





R-jJTaylor Gen. Contr., Inc. v Fairport Cent. Sch. Dist.


2019 NY Slip Op 01992


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1393 CA 18-01347

[*1]R-J TAYLOR GENERAL CONTRACTING, INC., PLAINTIFF-RESPONDENT,
v
FAIRPORT CENTRAL SCHOOL DISTRICT, DEFENDANT-APPELLANT. 






ALARIO & FISCHER, P.C., EAST SYRACUSE (HARRIS LINDENFELD OF COUNSEL), FOR DEFENDANT-APPELLANT.
ADAMS BELL ADAMS, P.C., ROCHESTER (RICHARD T. BELL, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 19, 2017. The order, among other things, denied that part of defendant's motion seeking partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff contractor entered into two identical contracts with defendant for work to be performed at various schools within the school district. The contracts provided for, inter alia, the removal of "unsuitable soil," and plaintiff was to "provide a Unit Price for unsuitable soil removal work above or below [a set] quantity . . . All measurements of unsuitable soils removed [were to] be based on in place volume measurement, confirmed by the Construction Manager" (emphasis added). Plaintiff commenced action No. 1, alleging that it removed more soil than the set quantity and that defendant had breached the contracts by refusing to pay for that removal work. Both plaintiff and defendant sought summary judgment related to that complaint. Supreme Court denied the motion and cross motion, and we affirmed (RJ Taylor Gen. Contr., Inc. v Fairport Cent. Sch. Dist., 99 AD3d 1231 [4th Dept 2012]).
Plaintiff thereafter commenced action No. 2, seeking, in the first and third causes of action, amounts it alleged were still due under the contracts and, in the second and fourth causes of action, damages related to defendant's "unforeseeably excessive number of changes and corrections to the original contract documents." The two actions were ultimately consolidated.
Contending that the second and fourth causes of action in action No. 2 sought damages that were precluded by the contracts' no-damages-for-delay clauses, defendant moved for, inter alia, partial summary judgment dismissing those causes of action. In addition, defendant sought a summary determination related to the removal of unsuitable soils, a summary determination that the contract provisions regarding defendant's right to perform are unambiguous and enforceable, and an order compelling plaintiff to respond to certain discovery requests. Supreme Court granted the motion in part with respect to some of the discovery requests, and denied the remainder of the motion. We now affirm.
Contrary to defendant's contention, there are triable issues of fact whether the second and fourth causes of action in action No. 2 are precluded by the contracts' no-damages-for-delay clauses. "It is well settled that [a] clause which exculpates a contractee from liability to a contractor for damages resulting from delays in the performance of the latter's work is valid and enforceable and is not contrary to public policy if the clause and the contract of which it is a part satisfy the requirements for the validity of contracts generally' " (Weydman Elec., Inc. v Joint [*2]Schs. Constr. Bd., 140 AD3d 1605, 1606 [4th Dept 2016], lv dismissed 28 NY3d 1024 [2016], quoting Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986], rearg denied 68 NY2d 753 [1986]). Nevertheless, "even with such a clause, damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (Corinno Civetta Constr. Corp., 67 NY2d at 309). Even assuming, arguendo, that defendant established that the damages sought by plaintiff were barred by the exculpatory clauses of the contracts, we conclude that plaintiff submitted evidence from which a jury could find that it met its
" heavy burden' of establishing the applicability of one of the exceptions to the general rule that no-damages-for-delay clauses are enforceable" (Weydman Elec., Inc., 140 AD3d at 1607; see West Gate Landscaping, Inc. v County of Rockland, 131 AD3d 1049, 1050 [2d Dept 2015]; Bovis Lend Lease LMB v GCT Venture, 6 AD3d 228, 229 [1st Dept 2004]; Castagna & Son v Board of Educ. of City of N.Y. [New Dorp High School], 173 AD2d 405, 406 [1st Dept 1991]).
Defendant further contends that the damages sought by plaintiff are barred by the notice provisions of the contracts. Although we agree with defendant that, generally, the failure to comply with a condition precedent to recovery constitutes a waiver of a claim and precludes that claim (see Rifenburg Constr., Inc. v State of New York, 90 AD3d 1498, 1498-1499 [4th Dept 2011]), we agree with plaintiff that its request for delay damages does not constitute a claim as defined by the contracts, i.e., it "is not a demand premised, as a matter of right, on the terms of the contract" (Huen N.Y., Inc. v Board of Educ. Clinton Cent. Sch. Dist., 67 AD3d 1337, 1339 [4th Dept 2009] [emphasis added]). To the contrary, plaintiff's "request for delay damages seeks relief wholly outside the scope of the contracts" (id.).
As a final contention related to the second and fourth causes of action in action No. 2, defendant contends that it is entitled to summary judgment dismissing those causes of action because plaintiff "has failed to provide proof of damage." As the Court of Appeals has written, "[a] contractor wrongfully delayed by its employer must establish the extent to which its costs were increased by the improper acts because its recovery will be limited to damages actually sustained" (Berley Indus. v City of New York, 45 NY2d 683, 687 [1978]). Even assuming, arguendo, that defendant met its initial burden of establishing that plaintiff could not "identify" any damages (Aldridge v Brodman, 100 AD3d 1537, 1538 [4th Dept 2012]), we conclude that plaintiff raised triable issues of fact precluding summary judgment to defendant (see Ernst Steel Corp. v Horn Constr. Div., Halliburton Co., 104 AD2d 55, 60 [4th Dept 1984], amended on other grounds 109 AD2d 1104 [4th Dept 1985]; cf. Rochester Acoustical Corp. v Reddick & Sons of Gouverneur, 201 AD2d 968, 969 [4th Dept 1994]).
Contrary to defendant's remaining contention in action No. 1, plaintiff raised triable issues of fact regarding the method to measure the "in place volume" of the unsuitable soil that plaintiff removed pursuant to the contracts. With respect to defendant's remaining contention in action No. 2, we conclude that plaintiff raised triable issues of fact whether defendant "frustrate[d] [plaintiff's] performance" under the contracts and thus whether it can hold plaintiff liable for defendant's costs in asserting its right to perform under the contracts (Water St. Dev. Corp. v City of New York, 220 AD2d 289, 290 [1st Dept 1995], lv denied 88 NY2d 809 [1996]; see Jupiter Envtl. Servs., Inc. v Graystone Constr. Corp., 31 AD3d 388, 390 [2d Dept 2006]; Stardial Communications Corp. v Turner Constr. Co., 305 AD2d 126, 126 [1st Dept 2003]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court