Transpo Bus Servs., LLC v New York Bus Sales, L.L.C. (2019 NY Slip Op 06289)





Transpo Bus Servs., LLC v New York Bus Sales, L.L.C.


2019 NY Slip Op 06289


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


567 CA 18-01305

[*1]TRANSPO BUS SERVICES, LLC, PLAINTIFF-APPELLANT,
v
NEW YORK BUS SALES, L.L.C., DEFENDANT-RESPONDENT. 






HOLTZBERG LAW FIRM, ROCHESTER, HARRIS BEACH PLLC, PITTSFORD (SVETLANA K. IVY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON, LLP, SYRACUSE (BELLA S. SATRA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 4, 2018. The order, among other things, granted that part of defendant's motion seeking summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging, inter alia, that defendant interfered with its contract to provide transportation services to nonparty Brighton Central School District (Brighton) by forwarding to Brighton an email originally sent from plaintiff's consultant to defendant. Plaintiff appeals from an order that, inter alia, granted that part of defendant's motion for summary judgment dismissing the complaint. We affirm.
"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). We conclude that defendant established entitlement to judgment as a matter of law by submitting the affidavit of its owner stating that, in forwarding the email, defendant did not intend to induce a breach of the contract but instead intended to minimize any harm to defendant's reputation and to encourage Brighton to persuade plaintiff to perform its obligations under the contract (see id.; American Recycling & Mfg. Co., Inc. v Kemp, 165 AD3d 1604, 1606 [4th Dept 2018]; Aldridge v Brodman, 100 AD3d 1537, 1539 [4th Dept 2012]). In opposition, plaintiff failed to tender evidence raising a material question of fact whether defendant intended, by forwarding the email, to induce breach of the contract (see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282 [1978]; American Recycling & Mfg. Co., Inc., 165 AD3d at 1606; Aldridge, 100 AD3d at 1539).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court