■ ANNE M. SAASTOMOINEN, Respondent, v NICHOLAS PAGANO et al., Appellants. ALLSTATE INSURANCE COMPANY, Nonparty Appellant. [717 NYS2d 274] —In an action to recover damages for personal injuries, the defendants and the nonparty, Allstate Insurance Company, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated June 25, 1999, as granted that branch of the plaintiff's motion which was to impose a sanction and costs against the nonparty Allstate Insurance Company pursuant to CPLR 8303-a.

Ordered that the appeal by the defendants is dismissed, without costs or disbursements, as the defendants are not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the nonparty, Allstate Insurance Company, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was to impose a sanction and costs against it is denied.

The Supreme Court erred in imposing a sanction and costs against the nonparty Allstate Insurance Company (hereinafter Allstate) based upon its conclusion that Allstate was the "real party in interest." The Supreme Court relied upon CPLR 8303-a and 22 NYCRR 130-1.1 as authority for the imposition of a sanction against Allstate. CPLR 8303-a and 22 NYCRR 130-1.1 provide that the court may impose a sanction and costs against a party or the attorney for a party for frivolous conduct (*see,* CPLR 8303-a [b]; 22 NYCRR 130-1.1 [b]). Statutes authorizing an award of costs and sanctions are in derogation of common law and, therefore must be strictly construed (*see, Gottlieb v Laub & Co.,* 82 NY2d 457; *Ocasio v City of Middletown,* 148 AD2d 431; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes § 301 [a]). Because CPLR 8303-a and 22 NYCRR 130-1.1 do not include a nonparty or a "real party in interest" as a person against whom a sanction and costs may be imposed, the Supreme Court had no authority to impose a

sanction and costs against Allstate. If the Supreme Court believed that Allstate's settlement practices were improper, the correct course would have been to refer the matter to the Superintendent of Insurance (*see,* Insurance Law § 2601). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.