■ INCORPORATED VILLAGE OF HEMPSTEAD, Respondent-Appellant, v 95 MADISON AVENUE LAND CORP., Appellant-Respondent, and TODD MCINDOO et al., Respondents. [750 NYS2d 320] —In an action, inter alia, to enjoin the defendants from using the subject premises to store and/or park commercial vehicles, the defendant 95 Madison Avenue Land Corp. appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Dunne, J.), dated July 3, 2001, as denied that branch of its motion which was to dismiss the complaint insofar as asserted against it, permanently enjoined it from storing commercial vehicles and equipment on its property, and granted that branch of the plaintiff's motion which was for an award of an attorney's fee and expenses, and the plaintiff cross-appeals from so much of the order and judgment as, upon granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Todd McIndoo and Michael Alletto, dismissed the complaint insofar as asserted against those defendants.

Ordered that the order and judgment is modified by deleting the provision thereof which granted that branch of the plaintiff's motion which was for an award of an attorney's fee and expenses; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant 95 Madison Avenue Land Corp.

The plaintiff established its right to injunctive relief pursuant to Village Law § 7-714 (see Galante v Mineola Ford Sales, 160 AD2d 758). Notwithstanding its opposition to the defendants' motion to dismiss citing the Village of Hempstead Code article XXIII, the verified complaint alleged only Village Law § 7-714 as the authority for injunctive relief, and the defendants never challenged the plaintiff's authorization to maintain this action pursuant to that section (cf. Town of Claverack v Brew, 277 AD2d 807, 809).

As the plaintiff failed to establish that use of the land was a public nuisance pursuant to Village of Hempstead Code article XXIII, award of an attorney's fee pursuant to this section was improper. Moreover, the plaintiff failed to establish that the corporate veil should be pierced (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142). Accordingly, the Supreme Court correctly dismissed the complaint insofar as asserted against the defendants Todd McIndoo and Michael Alletto.

The remaining contentions are without merit. Smith, J.P., McGinity, Luciano and Crane, JJ., concur.