■ INCORPORATED VILLAGE OF HEMPSTEAD, Respondent, v 95 MADISON AVENUE LAND CORP., Appellant, et al., Defendants. [750 NYS2d 525] —In an action, inter alia, for injunctive relief, the defendant 95 Madison Avenue Land Corp. appeals from an order of the Supreme Court, Nassau County (Shifrin, J.H.O.), entered January 15, 2002, which, upon an order of the same court, dated July 3, 2001, granting that branch of the plaintiff's motion which was for an award of an attorney's fee to the extent of determining that the plaintiff was entitled to an attorney's fee and expenses, and after a hearing, awarded the plaintiff an attorney's fee and expenses in the total sum of $8,148.76.

Ordered that the order is reversed, on the law, with costs, and the award of an attorney's fee and expenses is vacated (*see Incorporated Vil. of Hempstead v 95 Madison Ave. Land Corp.,* 299 AD2d 523 [decided herewith]). Smith, J.P., McGinity, Luciano and Crane, JJ., concur. .

■ KISS NAIL PRODUCTS, INC., Respondent, v CGU INSURANCE COMPANY, Formerly Known as GENERAL ACCIDENT INSURANCE COMPANY, Appellant, et al., Defendants. [750 NYS2d 526] —In an action, inter alia, to recover damages for breach of an insurance policy, the defendant CGU Insurance Company, formerly known as General Accident Insurance Company, appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated September 4, 2001, which denied its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, it was not entitled to dismissal of the complaint based upon documentary evidence of the subject insurance policy (*see* CPLR 3211 [a] [1]; *Trade Source v Westchester Wood Works,* 290 AD2d 437). The policy did not conclusively establish a defense, since the plaintiff raised significant issues of fact as to precisely when the underlying property damage occurred and whether the appellant was notified of the damage as soon as practicable (*see Kim v Maher,* 226 AD2d 350; *Reynolds Metal Co. v Aetna Cas. & Sur. Co.,* 259 AD2d 195).

The appellant's remaining contention is without merit. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.