■ TOUGHER INDUSTRIES, INC., Appellant, v NORTHERN WESTCHESTER JOINT WATER WORKS, Respondent. [757 NYS2d 874] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered September 10, 2002, as granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

Clauses in construction contracts which bar contractors from recovering damages for delay in the performance of the contract are generally valid and enforceable (*see Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 309 [1986]; *Kalisch-Jarcho v City of New York,* 58 NY2d 377, 384 [1983]). However, there are exceptions to this general rule, and a clause which purports to preclude damages for all delays resulting from any cause whatsoever will not be read literally (*see Corinno Civetta Constr. Corp. v City of New York, supra* at 309). Thus, even where a contract includes a provision barring damages for delay, "damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (*id.* at 309).

Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Bernberg v Health Mgt. Sys.,* 303 AD2d 348 [2003]), we find that the complaint adequately states a cause of action to recover damages, inter alia, for uncontemplated delays in the performance of the contract (*see Corinno Civetta Constr. Corp. v City of New York, supra; Abax, Inc. v New York City Hous. Auth.,* 282 AD2d 372 [2001]; *Gray v City School Dist. of Albany,* 277 AD2d 843 [2000]; *Castagna & Son v Board of Educ. of City of N.Y.,* 173 AD2d 405 [1991]). Furthermore, dismissal of the complaint is not warranted based upon documentary evidence (*see* CPLR 3211 [a] [1]) because the evidence submitted was not such that it "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Berger v Temple Beth-El of Great Neck,* 303 AD2d 346 [2003]; *see Kiss Nail Prods. v CGU Ins. Co.,* 299 AD2d 524 [2002]). Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.