■ Ngozi Nwauwa, Appellant, v Phillip Mamos et al., Respondents. [862 NYS2d 110]—

In an action, inter alia, to recover a down payment given pur-

suant to a contract for the sale of real property, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 11, 2005, as denied that branch of her renewed motion which was to enjoin the defendant Philip Mamos, from releasing her down payment he held in escrow, (2) from an order of the same court dated January 31, 2006, which granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), and (3), as limited by her brief, from so much of an order of the same court entered January 26, 2007, as denied her motion, in effect, for leave to renew that branch of her prior motion which was to enjoin the defendant Philip Mamos from releasing her down payment he held in escrow, and her opposition to that branch of the defendants' prior motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the appeals from so much of the order entered October 11, 2005, as denied that branch of the plaintiff's renewed motion which was to enjoin the defendant Philip Mamos from releasing her down payment from escrow, and from so much of the order entered January 26, 2007, as denied that branch of the plaintiff's motion which was for leave to renew that branch of her prior motion which was to enjoin the defendant Philip Mamos from releasing her down payment from escrow, are dismissed as academic; and it is further,

Ordered that the appeal from the order dated January 31, 2006, is dismissed, as a previous appeal from that order (Appellate Division docket No. 2006-02697) was withdrawn by decision and order on application of this Court dated October 27, 2006; and it is further,

Ordered that the order entered January 26, 2007, is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' prior motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) is granted, and upon renewal, the order dated January 31, 2006, is vacated and that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff agreed to purchase residential real property owned by the defendant seller, Akaterina Karapliou. The seller's attorney, the defendant Philip Mamos, forwarded a contract of sale and one rider to the plaintiff. The contract, however, expressly made reference to two riders. Pursuant to the

contract, the plaintiff was to tender a down payment in the sum of $45,000, with $22,500 to be paid upon her signing the contract, and $22,500 to be paid upon the seller's signing the contract. The plaintiff signed the contract of sale and the rider and returned them with a check for $22,500. Three days later, the plaintiff received the contract of sale and rider signed by the seller along with a second rider and a lead-paint disclosure form. The documents were accompanied by a cover letter from Mamos stating that the contract was not valid until the second rider and lead-paint disclosure form were signed by the plaintiff and returned to him. The plaintiff never signed the second rider or paid the balance of the down payment. The plaintiff commenced this action when Mamos refused to return her $22,500 down payment. The plaintiff's motion, inter alia, to enjoin Mamos from releasing her down payment was denied for failure to properly effect service. Her renewed motion for the same relief was denied in an order entered October 11, 2005.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) based upon the plaintiff's failure to comply with the mortgage contingency clause of the contract. In opposition, the plaintiff submitted, inter alia, the contract of sale and the first rider. Consequently, the Supreme Court did not consider the second rider and the lead paint disclosure form. The second rider was expressly made part of the contract of sale but never was signed by the plaintiff. After the court granted that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), the plaintiff moved, pro se, in effect, for leave to renew that branch of her prior renewed motion which was to enjoin Mamos from releasing her down payment from escrow, and her opposition to that branch of the defendant's prior motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), submitting the second rider and the lead-paint disclosure form and an affidavit explaining that her former attorney inadvertently omitted them from her prior motion papers during reproduction. Although the plaintiff did not include an affirmation of her former attorney to explain the omission, she did point out that the missing documents were, in fact, submitted on her first motion, but not her renewed motion, which requested the same relief. Moreover, the plaintiff explained that the defendants were aware from the outset of the case of both the existence of the missing documents and the plaintiff's claim that her failure to execute them rendered the contract of sale invalid, but they failed to submit them in support of their motion to dismiss.

"A motion for leave to renew must (1) be based upon new

facts not offered on a prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts, on the prior motion" (*Ellner v Schwed,* 48 AD3d 739, 740 [2008]; *see* CPLR 2221 [e]; *Hlenski v City of New York,* 51 AD3d 974 [2008]). Law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion (*see* CPLR 2005; *Vita v Alstom Signaling,* 308 AD2d 582, 583 [2003]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew (*see Scordio Constr., Inc. v Sirius Am. Ins. Co.,* 51 AD3d 768; *Acosta v Rubin,* 2 AD3d 657, 658-659 [2003]).

Upon renewal, that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) should have been denied since, under the circumstances, the documentary evidence relied on by the defendants did not "utterly refute[ ]" the plaintiffs's "factual allegations" and "conclusively establish[ ] a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *see Kiss Nail Prods. v CGU Ins. Co.,* 299 AD2d 524 [2002]). Since the seller's acceptance of the contract of sale was specifically conditioned upon the plaintiff's agreement to the terms set forth in the second rider, which modified material terms of the contract of sale, it constituted a counteroffer which the plaintiff never expressly accepted (*see Woodward v Tan Holding Corp.,* 32 AD3d 467, 470 [2006]; *Winiarski v Duryea Assoc., LLC,* 14 AD3d 697 [2005]; *Gomez v Bicknell,* 302 AD2d 107, 116 [2002]). Accordingly, a binding and enforceable contract for the sale and purchase of the subject property was not formed when the plaintiff signed the contract of sale (*see Woodward v Tan Holding Corp.,* 32 AD3d at 469-470; *Winiarski v Duryea Assoc., LLC,* 14 AD3d 697 [2005]; *Harper v Rodriguez,* 272 AD2d 372 [2000]). Moreover, there is an issue of fact as to whether the plaintiff accepted the terms of the contract and the two riders through "acquiescent conduct," which should not be decided on a motion addressed to the pleadings (*Eldor Contr. Corp. v County of Nassau,* 272 AD2d 509, 509 [2000]).

Since Mamos has already released the plaintiff's down payment from escrow to the seller, the appeals from so much of the order entered October 11, 2005, as denied that branch of the plaintiff's motion which was to enjoin Mamos from releasing her down payment, and from so much of the order entered January 26, 2007, as denied that branch of the plaintiff's motion which was for leave to renew that branch of her prior motion which was to enjoin Mamos from releasing her down payment,

are academic. Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.