SECOND DEPARTMENT, DECEMBER, 2008

(December 2, 2008)

■ ABDUL ALAM, Respondent, v TAXI WHEELS TO LEASE, INC., et al., Defendant. HEREFORD INSURANCE COMPANY, Nonparty Appellant. [868 NYS2d 750]—

Contrary to the Supreme Court's determination, nonparty Hereford Insurance Company (hereinafter Hereford) may assert a workers' compensation lien against the plaintiff's proposed settlement with the defendants Hercules Tire and Rubber Company and Cooper Tire and Rubber Company, noncovered persons (*see* Insurance Law § 5104 [b]), in this action (*see* Workers' Compensation Law § 29 [1]; *Matter of McHenry v State Ins. Fund,* 236 AD2d 89 [1997]; *Stedman v City of New York,* 107 AD2d 600 [1985]; *cf. Aetna Cas. & Sur. Co. v Jackowe,* 96 AD2d 37, 42 [1983]). Since Hereford may assert its lien, the plaintiff was required to comply with the provisions of Workers' Compensation Law § 29 (5). The plaintiff's motion papers failed to include much of the information required by Workers' Compensation Law § 29 (5) and it was supported only by a rather conclusory affidavit from the plaintiff's counsel. Accordingly, the court erred in granting the plaintiff's motion to judicially approve the settlement and to extinguish Hereford's lien (*see Matter of Snyder v CNA Ins. Cos.,* 306 AD2d 677 [2003]). Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur. [*See* 16 Misc 3d 1110(A), 2007 NY Slip Op 51377(U).]