■ JOAN 2000, LTD., Doing Business as TRENTINI TRUCKING Co., Plaintiff, v DECO CONSTRUCTION CORP. et al., Respondents, et al., Defendants. ANTHONY PIAZZA et al., Nonparty Appellants. [886 NYS2d 611]—

In an action, inter alia, to recover damages for breach of contract, nonparty Eric W. Berry, the attorney for the defendant WBP Central Associates, LLC, and nonparty Anthony Piazza appeal from a judgment of the Supreme Court, Westchester County (Smith, J.), dated April 3, 2008, which, upon an order of the same court dated March 6, 2008, granting, after a hearing, that branch of the motion of the defendant Deco Construction Corp. which was to impose sanctions upon them pursuant to 22 NYCRR 130-1.1 to the extent of imposing a sanction upon Eric W. Berry in the sum of $6,000, and upon Anthony Piazza in the sum of $5,000, imposed those sanctions upon them.

Ordered that on the Court's own motion, the notice of appeal is deemed also to be a notice of appeal by the nonparty Anthony Piazza (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]; *Alam v Taxi Wheels to Lease, Inc.*, 57 AD3d 457 [2008]); and it is further,

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, that branch of the motion of the defendant Deco Construction Corp. which was to impose sanctions upon the appellants pursuant to 22 NYCRR 130-1.1 is denied, and the order is modified accordingly.

Pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the attorney for a party for frivolous conduct (*see* 22 NYCRR 130-1.1 [b]). Conduct is frivolous if it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is taken to primarily delay or prolong the resolution of the litigation, or harass or maliciously injure another; or it asserts material factual statements that are false (*see* 22 NYCRR 130-1.1 [c]; *Mascia v Maresco*, 39 AD3d 504 [2007]; *Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 431 [2005]). Here, the Supreme Court improvidently exercised its discretion in imposing a sanction upon Eric W. Berry, the attorney for the defendant WBP Central Associates, LLC, as his conduct was not frivolous within the meaning of 22 NYCRR 130-1.1 (*see* *Wagner v Goldberg*, 293 AD2d 527 [2002]; *Matter of Gavilanes v Dilan*, 281 AD2d 546 [2001]).

Additionally, the Supreme Court had no authority to impose a sanction upon Anthony Piazza pursuant to 22 NYCRR 130-1.1, since he is neither a party to this action nor an attorney (*see* *Brock v Wagner*, 283 AD2d 535 [2001]; *Saastomoinen v Pagano*, 278 AD2d 218 [2000]). Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.