■ STATE FARM FIRE AND CASUALTY, as Subrogee of Joseph N. Misk, Appellant, v PARKING SYSTEMS VALET SERVICE, Respondent. [926 NYS2d 541]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured for the theft of personal property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered July 21, 2010, as, upon reargument, adhered to the determination in an order of the same court entered June 23, 2009, denying its postjudgment motion to compel nonparty Mark Baron and attorney Steven David Fink to appear for an in camera review of records and depositions of both of them and for the imposition of a sanction upon the nonparty Mark Baron, and denied that branch of its motion which was for leave to renew its prior motion for the same relief.

Ordered that the order entered July 21, 2010, is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to renew that branch of its postjudgment motion which was to compel a new deposition of nonparty Mark Baron and substituting therefor a provision granting that branch of the plaintiff's motion which was for leave to renew, (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order entered June 23, 2009, denying that branch of the plaintiff's postjudgment motion which was to compel a new deposition of nonparty Mark Baron, and substituting therefor a provision, upon renewal and reargument, vacating the determination in the order entered June 23, 2009, denying that branch of the plaintiff's postjudgment motion, and thereupon granting that branch of the plaintiff's postjudgment motion which was to compel a new deposition of nonparty Mark Baron, to be supervised by the Supreme Court, Queens County, in accordance with CPLR 3104 (a), and (3) by deleting the provision thereof, upon reargument, adhering to the determination in the

order entered June 23, 2009, denying that branch of the plaintiff's postjudgment motion which was to impose a sanction upon nonparty Mark Baron, and substituting therefor a provision denying that branch of the plaintiff's motion, without prejudice to the plaintiff's right to move, pursuant to Judiciary Law § 756, upon the proper service of appropriate papers, to hold nonparty Mark Baron in civil contempt; as so modified, the order entered July 21, 2010, is affirmed insofar as appealed from, without costs or disbursements.

On February 12, 2004, a parking attendant employed by Parking Systems Valet Service at a restaurant in Bayside parked a car driven to the restaurant by Joseph N. Misk. The car was a leased 2002 Mercedes Benz CL500. After dinner, when Misk attempted to retrieve the car, he was informed by the attendant that both his car and his keys were missing. Misk filed a claim with his insurer, State Farm Fire and Casualty (hereinafter State Farm), which paid out the sum of $78,283 for the loss. State Farm thereafter commenced this subrogation action against Parking Systems Valet Service. Initially, however, State Farm had named "Parking Systems, Inc." as the defendant; in an order dated September 13, 2006, the Supreme Court granted State Farm's motion for leave to file an amended summons and complaint, changing the name of the defendant to "Parking Systems Valet Service," noting that "the defendant does not dispute that it is the correct defendant."

The action proceeded to trial. Attorney Stephen David Fink appeared and defended the action on behalf of Parking Systems Valet Service, and called a witness, Cesar Uraga, who testified that he was an employee of an entity known as "Parking Systems," and that he was working on the evening that Misk's car could not be found. The Supreme Court (Geller, J.H.O.), found in favor of State Farm on its cause of action to recover the value of the missing car. On September 29, 2008, a judgment was entered in State Farm's favor and against Parking Systems Valet Service in the principal sum of $78,063. Parking Systems Valet Service, represented by Fink, appealed that judgment to this Court and, on May 26, 2009, this Court affirmed (see State Farm Fire & Cas. v Parking Sys. Valet Serv., 63 AD3d 1139 [2009]).

Thereafter, the plaintiff engaged in postjudgment collection efforts by serving an information subpoena duces tecum upon Mark Baron, the president of an entity known as "Parking Systems," compelling him to appear for a postjudgment deposition, and to produce various documents for inspection. On February 13, 2009, Baron appeared for the deposition and was

represented by Fink. When asked whether Parking Systems Valet Service had a certificate of business or articles of incorporation, Baron testified, "I don't recognize that defendant." He further testified that he was not associated with Parking Systems Valet Service. When asked about Cesar Uraga, the trial witness who testified that he was employed by "Parking Systems," Baron testified that, in 2004, Uraga was in fact employed by a company named "American Valet Service." When asked if "American Valet Service" had an agreement to provide valet services to the restaurant in Bayside patronized by Misk on the night of the incident, Baron testified, "We have no relationship." When asked if he had ever heard of Parking System Valet Service, Baron stated: "No. No, I have not." State Farm's attorney made inquiry of Fink at Baron's deposition as to whether there were any employees of Parking Systems Valet Service. Fink replied, on the record, while referring to Baron, that "[t]his is the person who would have knowledge of anything to do with the corporate structure of any entity that would have done valet parking or had agreements with this restaurant." Fink then stated, "I've always told you . . . Parking System Valet Services is nothing. It's just a name." Baron testified that he had heard of "Parking Systems"—an entity apparently distinguishable from "Parking Systems Valet Service." When asked whether "Parking Systems" is an actual entity, Baron testified that it was not, and that it was a name printed on jackets and signs "used to identify our business."

After Baron's deposition, State Farm moved to compel Baron and Fink "to appear for in camera review of records and deposition at the Courthouse in conjunction with sanctions upon Baron for $1,507.80." State Farm argued that Baron had lied during his deposition when he testified that, among other things, he had never heard of Parking Systems Valet Service. In support of this contention, State Farm submitted affidavits Baron had purportedly filed in other cases, wherein he represented that he was either associated with or was a principal of "Parking Systems Valet Service." In an order entered June 23, 2009, the Supreme Court denied State Farm's motion. State Farm thereafter moved for leave to renew and reargue the motion, claiming, inter alia, that its attorney had mistakenly annexed the wrong deposition transcript, rather than Baron's deposition transcript, to his affirmation in support of the original motion. The Supreme Court denied that branch of the motion which was for leave to renew, holding that State Farm failed to proffer a reasonable excuse for failing to submit those papers in support of the original motion. The Supreme Court granted that branch of State Farm's motion which was for leave to

reargue, but, upon reargument, adhered to its original determination. State Farm appeals, and we modify.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for leave to renew that branch of its prior motion which was to compel Baron to appear for a new deposition, since State Farm's attorney offered a reasonable justification for failing to submit a copy of Baron's deposition transcript with the first motion (*see* CPLR 2221; *Nwauwa v Mamos*, 53 AD3d 646, 649 [2008]; *Cruz v Castanos*, 10 AD3d 277, 278 [2004]; *Narducci v McRae*, 298 AD2d 443, 443 [2002]). In his affirmation in support of the original motion, State Farm's attorney stated that Baron's deposition transcript was annexed, and the attorney actually quoted from Baron's deposition, but a different deposition transcript was mistakenly annexed to the motion papers in the place where Baron's deposition transcript should have been affixed. Under these circumstances, leave to renew should have been granted (*see* CPLR 2221 [e] [2], [3]; *Nwauwa v Mamos*, 53 AD3d at 649; *Cruz v Castanos*, 10 AD3d at 278).

With respect to that branch of State Farm's initial motion which was to impose a sanction against Baron, State Farm sought the sum of $1,507.80, representing the costs and attorneys' fees it incurred in conducting Baron's deposition. State Farm explained that this amount represented six hours of attorneys' fees for an attorney to prepare for, travel to, and conduct Baron's deposition at a rate of $200 per hour, and $307.80 for the cost of printing the transcript of Baron's deposition. Although State Farm denominated this branch of its motion as a request for the imposition of sanctions, sanctions are not available against a nonparty (*see Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841, 842 [2009]; *Brock v Wagner*, 283 AD2d 535 [2001]; *Saastomoinen v Pagano*, 278 AD2d 218, 218-219 [2000]; *see also* 44A NY Jur 2d, Disclosure § 429). 22 NYCRR 130-1.1 permits the imposition of sanctions only against "an attorney or a party to the litigation or against both" (22 NYCRR 130-1.1 [b]). "Statutes authorizing an award of costs and sanctions are in derogation of common law and, therefore must be strictly construed" (*Saastomoinen v Pagano*, 278 AD2d at 218).

The costs and fees sought by State Farm are nevertheless recoverable against a nonparty such as Baron as fines for civil contempt (*see* Judiciary Law § 773; *Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435 [1998]; *see also* CPLR 5210 [empowering the Supreme Court to punish a contempt of court in connec-

tion with a proceeding to enforce a money judgment]; CPLR 5251 [the Supreme Court may hold "any person" in contempt for, among other things, "false swearing upon an examination" relating to the enforcement of a money judgment]). To avail itself of the opportunity to move for such relief, however, State Farm is required to comply with the notice and service provisions of Judiciary Law § 756 (see Murrin v Murrin, 93 AD2d 858 [1983]; Long Is. Trust Co. v Rosenberg, 82 AD2d 591 [1981]).

Here, the record reveals the existence of issues of fact as to whether Baron gave false testimony during his deposition. Of particular significance, State Farm submitted affidavits which it claimed Baron had filed with the Civil Court, Queens County, which appeared to contradict his testimony that, among other things, he had never heard of Parking Systems Valet Service. In a case captioned Parking Sys. Valet Serv. v Madame Tong's, LLC, doing business as Madame Tong's (Civ Ct, Queens County, index No. 053516/08), Baron purportedly filed an affidavit dated May 12, 2008, in which he averred; "I am a principal of the plaintiff in this action." He purportedly filed a similar affidavit in a case captioned Parking Sys. Valet Serv. v JL E., LLC, doing business as Prime 103 (Civ Ct, Queens County, index No. 053515/08). In State Farm Mut. Auto. Ins. Co., as subrogee of Raffaele G. Faugno v Parking Sys. Valet Serv. (Civ Ct, Queens County, index No. 118908/07), he purportedly filed an affidavit dated April 25, 2008, stating: "I am associated with Parking Systems Valet Service." Accordingly, upon reargument, the Supreme Court should have denied that branch of State Farm's motion which was to impose a sanction upon Baron, albeit without prejudice to State Farm's right to move, upon proper service of appropriate papers, pursuant to Judiciary Law § 756, to hold Baron in civil contempt in accordance with CPLR 5210 (see Coyle v Coyle, 63 AD3d 657 [2009]; Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1073 [2008]; Chamberlain v Chamberlain, 24 AD3d 589 [2005]).

With respect to that branch of State Farm's initial motion which was to compel both Baron and Fink to appear for depositions and an in camera review of records, we agree with the Supreme Court that, at this juncture, an in camera review of records would have been overly broad and burdensome. We also agree that the deposition of Fink, an attorney, is unwarranted here. However, State Farm should have been granted leave to depose Baron again and make additional requests for the production of documents (see CPLR 5224 [f]). Although in camera proceedings are not warranted at this time, under the circum-

stances presented here, the new deposition of Baron must be supervised in accordance with CPLR 3104 (a). Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.