Lewis Saul, Appellant, v Eric Cahan, Respondent. [61 NYS3d 116]—

Appeals from (1) an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated March 9, 2016, and (2) a money judgment of that court dated March 28, 2016. The order granted the defendant's motion for attorney's fees and costs. The money judgment, upon the order, is in favor of the defendant and against the plaintiff in the total sum of $16,697.14.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the money judgment is reversed, on the law, the order is vacated, and the defendant's motion for attorney's fees and costs is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed, as the order was superseded by the money judgment.

In 2013, the plaintiff allegedly entered into an oral agreement with the defendant Eric Cahan pursuant to which Cahan agreed to act as the plaintiff's art advisor regarding the acquisition of contemporary artworks in exchange for a consulting fee in the amount of 10% of the cost of the artworks purchased. Additionally, the alleged oral agreement required Cahan to give the plaintiff the right of first opportunity to purchase all artworks offered to Cahan by art galleries or dealers before Cahan could purchase them for himself or offer them to a third party.

After terminating the alleged agreement, the plaintiff commenced this action, alleging, inter alia, that Cahan fraudulently induced him to enter into the alleged oral agreement, and that Cahan breached his contractual and fiduciary duties. The plaintiff asserted causes of action alleging breach of fiduciary duty, breach of contract, and fraud, among others. In May 2014, Cahan moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him. Shortly thereafter, on June 20, 2014, Cahan served an offer to liquidate damages pursuant to CPLR 3220. The plaintiff did not accept the offer. By order dated November 7, 2014, the Supreme Court granted Cahan's motion to dismiss the amended complaint insofar as asserted against him. Cahan then moved

for an award of attorney's fees and costs pursuant to CPLR 3220. By order dated March 9, 2016, the court granted Cahan's motion to the extent of determining that Cahan was entitled to attorney's fees in the sum of $15,557.37, plus interest. A money judgment dated March 28, 2016, was entered in favor of Cahan and against Saul in the total sum of $16,697.14. The plaintiff appeals, and we reverse.

In matters of statutory interpretation, the primary consideration is to discern and give effect to the legislature's intention (*see Yatauro v Mangano*, 17 NY3d 420, 426 [2011]; *Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270, 285-286 [2009]; *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). "[T]he text of a provision 'is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning' " (*Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106, 120 [2012], quoting *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d at 660; *see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). An examination of the legislative history is proper "where the language is ambiguous or where a literal construction would lead to absurd or unreasonable consequences that are contrary to the purpose of the enactment" (*Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198, 204 [1995]; *see New York State Psychiatric Assn., Inc. v New York State Dept. of Health*, 19 NY3d 17, 25-26 [2012]).

Moreover, "[u]nder the American Rule as applied to statutory entitlement to attorneys' fees, the [United States] Supreme Court has held that we follow a general practice of not awarding fees to a prevailing party absent *explicit* statutory authority" (*Baker v Health Mgt. Sys.*, 98 NY2d 80, 88 [2002] [internal quotation marks omitted]; *see 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty*, 99 AD3d 988, 990 [2012]). " 'New York public policy disfavors any award of attorneys' fees to the prevailing party in a litigation' " (*Pickett v 992 Gates Ave. Corp.*, 114 AD3d 740, 741 [2014], quoting *Horwitz v 1025 Fifth Ave., Inc.*, 34 AD3d 248, 249 [2006]). " 'Statutes authorizing an award of costs and sanctions are in derogation of common law and, therefore must be strictly construed' " (*State Farm Fire & Cas. v Parking Sys. Valet Serv.*, 85 AD3d 761, 764 [2011], quoting *Saastomoinen v Pagano*, 278 AD2d 218, 218 [2000]).

CPLR 3220 states: "At any time not later than ten days before trial, any party against whom a cause of action based upon contract, express or implied, is asserted may serve upon

the claimant a written offer to allow judgment to be taken against him for a sum therein specified, with costs then accrued, if the party against whom the claim is asserted fails in his defense. If within ten days thereafter the claimant serves a written notice that he accepts the offer, and damages are awarded to him on the trial, they shall be assessed in the sum specified in the offer. If the offer is not so accepted and the claimant fails to obtain a more favorable judgment, he shall pay the expenses necessarily incurred by the party against whom the claim is asserted, for trying the issue of damages from the time of the offer. The expenses shall be ascertained by the judge or referee before whom the case is tried. An offer under this rule shall not be made known to the jury."

The relevant phrase of CPLR 3220 stating that the claimant "shall pay the expenses necessarily incurred by the party against whom the claim is asserted, for trying the issue of damages from the time of the offer" demonstrates the legislature's intent that, where the claimant has not accepted the offer, the commencement of a trial is a condition precedent to imposing liability upon the claimant for the opposing party's expenses. This phrase also defines the recoverable expenses as those "necessarily" expended "for trying the issue of damages." CPLR 3220 further provides that those expenses should be determined by the judge "before whom the case is tried." Accordingly, the plain language of CPLR 3220 does not explicitly authorize an award of attorney's fees and costs to a party, such as Cahan, who merely prevailed in seeking dismissal of a cause of action alleging breach of contract. Even if CPLR 3220 could arguably support an implied right to the attorney's fees and costs sought by Cahan, the public policy of the American Rule militates against adoption of that interpretation (*see Baker v Health Mgt. Sys.*, 98 NY2d at 88; *214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty*, 99 AD3d at 990).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur. ■