A.B. v Waring (2023 NY Slip Op 03671)

A.B. v Waring

2023 NY Slip Op 03671

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-08484
 (Index No. 715613/18)

[*1]A.B., etc., respondent, 
v
Stephanie A. Waring, et al, appellants.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered October 20, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The infant plaintiff allegedly sustained injuries when, while attempting to cross a street on his bicycle, he was struck by a vehicle operated by the defendant Stephanie A. Waring (hereinafter the defendant driver) and owned by the defendant Maria A. Waring. The infant plaintiff, by his mother and natural guardian, commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. In an order entered October 20, 2020, the Supreme Court denied the motion. The defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). A "driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield" (M.M.-T. v Relyea, 177 AD3d 1013, 1014). "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Vigdorchik v Vigdorchik, 209 AD3d 923, 924 [internal quotation marks omitted]).
Vehicle and Traffic Law § 1143 provides that a driver entering or crossing a roadway "from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." Vehicle and Traffic Law § 1231 provides that every person riding a bicycle upon a roadway "shall be subject to all of the duties applicable to the driver of a vehicle by this title."
Here, the defendants established, prima facie, that the infant plaintiff negligently entered the roadway mid-block from in front of a parked van without yielding the right-of-way to the defendants' vehicle, and that such negligence was the sole proximate cause of the accident. The evidence submitted in support of the motion, which included, inter alia, transcripts of the deposition testimony of the infant plaintiff, the defendant driver, and a nonparty witness, demonstrated that the [*2]defendant driver was traveling only 15 to 20 miles per hour, and had, at most, two seconds to react before the infant plaintiff's bicycle struck the passenger side of the vehicle. Thus, the defendants demonstrated that the defendant driver was not negligent for failing to avoid colliding with the infant plaintiff (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 975; Pixtun-Suret v Gevinski, 165 AD3d 715, 715; King v Perez, 160 AD3d 708; Santiago v Quattrociocchi, 91 AD3d 747, 748). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants were at fault in the happening of the accident.
The Supreme Court erred in declining to consider the transcript of the deposition testimony of the defendant driver. Although the defendants failed to submit a copy of the transcript in support of their motion, the record demonstrates that the defendants did not raise the defendant driver's testimony for the first time in reply, as the affirmation of the defendants' attorney submitted in support of their motion stated that the defendants were submitting the transcript as an exhibit to their motion, cited to the defendant driver's testimony in their motion, and based their arguments on this transcript. Furthermore, the defendants submitted a copy of the transcript with their reply papers in further support of their motion, and their attorney affirmed that they failed to the submit the transcript with their motion due to a clerical error. Since the plaintiffs did not contend that they were prejudiced by this omission in any way, and the defendants ultimately submitted the transcript to the Supreme Court, the court should have ignored the defendants' failure to submit the transcript in support of their motion and considered the defendant driver's testimony (see CPLR 2001; 21st Mtge. Corp. v Rudman, 201 AD3d 618, 625; State Farm Fire & Cas. v Parking Sys. Valet Serv., 85 AD3d 761, 764).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court