Matter of Bliss v Village of Southampton Bd. of Architectural Review & Historic Preserv. (2025 NY Slip Op 01799)

Matter of Bliss v Village of Southampton Bd. of Architectural Review & Historic Preserv.

2025 NY Slip Op 01799

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-03163
 (Index No. 602381/22)

[*1]In the Matter of Orest Bliss, et al., respondents,
v
Village of Southampton Board of Architectural Review & Historic Preservation, appellant.

Matthews, Krist, Cooley & Choron, PLLC, East Hampton, NY (Brian E. Matthews and Alice Cooley of counsel), for appellant.
Bennett & Read, LLP, Southampton, NY (John J. Bennett and Bailey C. Larkin of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Southampton Board of Architectural Review & Historical Preservation dated January 10, 2022, which denied the petitioners' application for a certificate of appropriateness to demolish a residential structure in the Southampton Village Historic District, the Village of Southampton Board of Architectural Review & Historical Preservation appeals from a judgment of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated March 1, 2023. The judgment granted the petition, annulled the determination, and directed the Village of Southampton Board of Architectural Review & Historical Preservation to grant the application for a certificate of appropriateness.
ORDERED that the judgment is affirmed, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review a determination of the Village of Southampton Board of Architectural Review & Historical Preservation (hereinafter the Board), which denied the petitioners' application for a certificate of appropriateness to demolish a residential structure (hereinafter the building). The building, which is located on property within the Southampton Village Historic District (hereinafter the District), was constructed in 1979. In a judgment dated March 1, 2023, the Supreme Court granted the petition, annulled the determination, and directed the Board to grant the application for a certificate of appropriateness. The Board appeals.
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Simon Green, Inc. v New York State Div. of Hous. & Community Renewal, 228 AD3d 670, 671 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771). "In applying th[ese] standard[s], we note that interpretation of a statute by the agency charged with its enforcement [or administration] is generally entitled to judicial deference so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute" (Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 [*2]AD3d 46, 54 [internal quotation marks omitted]; see Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 35). "Ultimately, however, legal interpretation is the court's responsibility" (Matter of Moran Towing & Transp. Co., Inc. v New York State Tax Commn., 72 NY2d 166, 173). Therefore, "when the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency, and its interpretation is therefore to be accorded much less weight" (Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280 [internal quotation marks omitted]; see Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d at 54).
"In such instances, courts should construe clear and unambiguous statutory language as to give effect to the plain meaning of the words used" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d at 35). "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature," and "the clearest indicator of legislative intent is the statutory text" (Matter of Sapphire W. [Kenneth L.], _____ AD3d _____, _____, 2025 NY Slip Op 00662, *2 [citation and internal quotation marks omitted]). However, "[a]n examination of the legislative history is proper 'where the language is ambiguous or where a literal construction would lead to absurd or unreasonable consequences that are contrary to the purpose of the enactment'" (Saul v Cahan, 153 AD3d 951, 952, quoting Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y., 86 NY2d 198, 204). "Indeed, any statute or regulation . . . must be interpreted and enforced in a reasonable . . . manner in accordance with its manifest intent and purpose" (Matter of Sapphire W. [Kenneth L.], _____ AD3d at _____, 2025 NY Slip Op 00662, *2 [alterations and internal quotation marks omitted]).
Here, at the time it rendered its determination, "the Board's decision to approve or to disapprove" of an application for a certificate of appropriateness for a structure within the District had to "be based upon [certain] principles," including, inter alia, that "[f]eatures or properties which make significant contribution to the character of a . . . historic district shall be altered as little as possible" (Code of Village of Southampton [hereinafter Village Code] former § 65-5[B][1]). In denying the petitioners' application, the Board relied upon this provision, concluding, among other things, that the building made "a significant contribution to the . . . District" for certain specified reasons. Since the phrase "character of a . . . historic district" is inherently ambiguous and is not defined in the Village Code, it is appropriate to consider the legislative history (see Saul v Cahan, 153 AD3d at 952), which does not support the Board's view. There is nothing in the legislative history to show that the Board of Trustees of the Village of Southampton (hereinafter the Trustees), in enacting Village Code former § 65-5(B), was concerned with protecting a structure built in the late 1970s for the reasons relied upon by the Board. Instead, the legislative history of Village Code former § 65-5(B) evidences that the Trustees intended to protect the historic architectural character of structures built decades—and even centuries—prior to the building.
Accordingly, the Supreme Court properly concluded that the Board's determination denying the application for a certificate of appropriateness was arbitrary and capricious (see Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d at 59).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court