■ ABAX INCORPORATED, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [723 NYS2d 490] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 7, 2000, which granted defendants' respective CPLR 3211 motions to dismiss plaintiff's complaint in part, denying the motions with respect to plaintiff's breach of contract claim against defendant Lehrer McGovern Bovis, Inc., and denied plaintiff's request for leave to replead, unanimously modified, on the law and the facts, to the extent of granting plaintiff leave to replead its first cause of action against Lehrer McGovern Bovis to include a claim for uncontemplated delays or abandonment of the contract, and otherwise affirmed,

without costs. Appeal from order, same court and Justice, entered January 12, 2001, denying plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

The motion court dismissed plaintiff's claims for delay damages on the basis of the exculpatory clause contained in section 16 (b) of the General Conditions of the Trade Contract entered into between plaintiff Abax Incorporated and defendant Lehrer McGovern Bovis, Inc. for demolition and lead paint and asbestos removal work on the Gowanus Housing modernization project, and denied plaintiff's request for permission to amend its complaint to replead. While clauses in construction contracts which exculpate parties from damages resulting from delays in performance are generally valid and enforceable, such clauses may not be invoked to bar damages for: (1) delays caused by the protected party's bad faith or its willful, malicious or grossly negligent conduct; (2) uncontemplated delays; (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee; and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract (*see, Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309-312). Here, the evidence presented by plaintiff in opposing defendant Lehrer McGovern Bovis's motion, demonstrating over 600 days in delays, including a substantial period during which Lehrer McGovern Bovis, as Contract Manager, suspended work, is sufficiently indicative of delays beyond the contemplation of the contracting parties or of an abandonment by the contractee, and thus of a meritorious cause of action for delay damages notwithstanding the cited exculpatory contract provision, as to warrant the grant of plaintiff's motion for leave to replead to the extent of permitting plaintiff to replead its first cause of action as against Lehrer McGovern Bovis so as to include claims for delay damages predicated upon uncontemplated delays and abandonment.

As for the balance of plaintiff's claims, the motion court properly determined that plaintiff contractually waived its quasi-contract or quantum meruit claims against both the Housing Authority and Lehrer McGovern Bovis, which claims would not, in any event, lie against the Housing Authority in the face of a valid contract between plaintiff and Lehrer McGovern Bovis, Inc. governing the subject matter of the dispute (*see, Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.