▮ ELDOR CONTRACTING CORP., Respondent, v COUNTY OF NASSAU, Defendant and Third-Party Plaintiff-Appellant. CENTRUM CONSTRUCTION Co., INC., et al., Third-Party Defendants-Appellants. [775 NYS2d 556]—

In an action to recover damages for breach of a construction contract, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Ort, J.), entered September 26, 2002, as denied its motion for summary judgment dismissing the plaintiff's second cause of action to recover delay damages, and the third-party defendants separately appeal, as limited by their brief, from so much of the same order as denied that branch of their separate motion which was for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly declined to grant summary judgment dismissing the plaintiff's second cause of action to recover delay damages incurred during the performance of the subject construction contract. The length of the delay, and the documentation submitted by the plaintiff, including an estimate of the plaintiff's delay damages prepared by the County of Nassau, raised an issue of fact as to whether the plaintiff was entitled to delay damages. In addition, an issue of fact exists as to whether a clause in the contract entitled "no damage for delay" was enforceable. The plaintiff adduced sufficient evidence from which a jury could reasonably conclude that the County waived that clause (*see Wilson & English Constr. Co. v New York Cent. R.R. Co.*, 240 App Div 479, 483 [1934]). In the alternative, an issue of fact exists as to whether the "no damage for delay" clause conflicted with another clause in the contract entitled "claims for damages" which set forth a procedure for filing claims for damages and was ambiguous as to its applicability to delay damages (*see Icon Motors v Empire State Datsun*, 178 AD2d 463 [1991]). There also exists an issue of fact as to whether the delay was not contemplated by the parties, and therefore, was an exception to the "no damage for delay" clause (*see Abax Inc. v New York City Hous. Auth.*, 282 AD2d 372, 373 [2001]; *Clifford R. Gray, Inc. v City School Dist. of Albany*, 277 AD2d 843 [2000]; *Castagna & Son v Board of Educ. of City of N.Y.*, 173 AD2d 405 [1991]).

The parties' remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.