■ DL MARBLE & GRANITE INC., Appellant, v MADISON PARK OWNER, LLC, et al., Respondents, et al., Defendants. [963 NYS2d 94]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 2, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as against defendant Madison Park Owners, LLC (Madison) and for leave to amend its complaint, granted Madison's cross motion for summary judgment dismissing all of the causes of action against it, directed entry of judgment in favor of Madison and severed and continued the action against the remaining defendants, unanimously modified, on the law, the cause of action against Madison to foreclose on the mechanic's lien reinstated, and otherwise affirmed, without costs.

The motion court properly dismissed the contract and quasi contract claims asserted against Madison, the owner of the property being renovated. The record establishes that plaintiff, a subcontractor working at the property, contracted with nonparty G. Builders IV LLC, Madison's general contractor, and that Madison did not expressly consent to pay for plaintiff's work (see Abax Inc. v New York City Hous. Auth., 282 AD2d 372, 373 [1st Dept 2001]). The account stated claim asserted against Madison in the sixth cause of action was also properly dismissed. Such a claim cannot be used to create liability where none otherwise exists (see Gurney, Becker & Bourne v Benderson Dev. Co., 47 NY2d 995, 996 [1979]).

Madison did not move for summary judgment dismissing plaintiff's first cause of action to foreclose on a mechanic's lien and summary judgment on that cause of action is not warranted. Thus, it was error for the motion court to dismiss the complaint as against Madison and direct entry of judgment in its favor.

Concur—Mazzarelli, J.P., Acosta, Renwick, Richter and Gische, JJ.