Cushman & Wakefield, Inc. v Kadmon Corp., LLC (2019 NY Slip Op 06456)





Cushman & Wakefield, Inc. v Kadmon Corp., LLC


2019 NY Slip Op 06456


Decided on September 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 10, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9628 652055/18

[*1]Cushman & Wakefield, Inc., Plaintiff-Appellant,
v
Kadmon Corporation, LLC doing business as Kadmon, LLC, Defendant-Respondent.


Steven Landy & Associates, PLLC, New York (David A. Wolf of counsel), for appellant.
Axelrod, Fingerhut & Dennis, New York (Osman Dennis of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 4, 2019, which to the extent appealed from, as limited by the briefs, denied plaintiff's motion for summary judgment on its cause of action for an account stated, unanimously affirmed, without costs.
Plaintiff Cushman & Wakefield, Inc's (Cushman) August 17, 2017 invoice, in addition to the September 14, 2017 demand letter, were sufficient to create an account stated (see Rosenberg Selsman Rosenzweig & Co. v Slutsker, 278 AD2d 145, 145 [1st Dept 2000]). Nevertheless, a discrete invoice does not evidence a mutually agreed upon balanced account, as "where an account is rendered showing a balance, the party receiving it must, within a reasonable time, examine it and object, if he disputes its correctness. If he omits to do so, he will be deemed by his silence to have acquiesced, and will be bound by it as an account stated, unless fraud, mistake or other equitable considerations are shown" (Shaw v Silver, 95 AD3d 416, 416 [1st Dept 2012]). The affidavit of Kadmon's representative, in which he averred that "after Cushman made a demand for commission, I gratuitously made a counter offer of $100,000 on behalf of Kadmon because of Kadmon's relationship with the Landlord and Mr. Hartman, and in recognition of the time and effort expended," was sufficient to defeat summary judgment at this juncture (Levisohn, Lerner, Berger & Langsam v Gottlieb, 309 AD2d 668, 668 [1st Dept 2003], lv denied 1 NY3d 509 [2004]; Prudential Bldg. Maintenance Corp. v Siedman Assoc., 86 AD2d 519, 519 [1st Dept 1982]).
Moreover, an account stated "cannot be used to create liability where none otherwise exists" (DL Marble & Granite Inc. v Madison Park Owner, LLC, 105 AD3d 479, 479 [1st Dept 2013]). The circumstances here - where Kadmon denied that it should have to pay a commission because Cushman had nothing to do with the rental to a new tenant - indicate that the parties might not have reached a "meeting of the minds" on the final amount owed (Prudential Bldg., 86 AD2d at 519).
We find that Supreme Court did not abuse its discretion in considering Kadmon's untimely rule 19-A statement when it denied Cushman's motion for summary judgment (Abreu v Barking & Assoc. Realty, Inc., 69 AD3d 420, 421 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 10, 2019
CLERK