Henick-Lane, Inc. v 616 First Ave. LLC (2023 NY Slip Op 01163)

Henick-Lane, Inc. v 616 First Ave. LLC

2023 NY Slip Op 01163

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 161465/19 Appeal No. 17451 Case No. 2022-00791 

[*1]Henick-Lane, Inc., Plaintiff-Appellant,
v
616 First Avenue LLC, et al., Defendants-Respondents.

Stein Adler Dabah & Zelkowitz LLP, New York (Jacob E. Lewin of counsel), for appellant.
Fox Swibel Levin & Carroll LLP, New York (Daniel A. Dorfman of counsel), and The Augello Law Firm, PC, Garden City (Cynthia A. Augello of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about November 24, 2021, which granted defendants' motion to dismiss the third cause of action, unanimously reversed, on the law, with costs, and the motion denied.
The subcontractor agreement between plaintiff and defendant JDS Construction Group LLC contains clauses precluding damages for delay. It also provides that if plaintiff's work was "delayed or disrupted by fault of [JDS], Architect, or any other contractor, or by abnormal weather conditions, then the time fixed for the completion of the Work shall be extended for a period equivalent to the time actually lost, in the discretion of [JDS] and compensated for additional, mutually agreed to costs," with the words in italics handwritten onto the typed agreement.
According plaintiff every favorable inference, a valid claim is stated, and the documentary evidence does not utterly refute plaintiff's allegations (CPLR 3211[a][1], [7]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). In interpreting a contract, a handwritten provision that conflicts with the language of the preprinted form document will control, "as it is presumed to express the latest intention of the parties" (Home Fed. Sav. Bank v Sayegh, 250 AD2d 646, 647 [2d Dept 1998] [internal quotation marks omitted]; see also Er-Loom Realty, LLC v Prelosh Realty, LLC, 77 AD3d 546, 548 [1st Dept 2010], lv denied 16 NY3d 710 [2011]). The handwritten amendment to the no-damages-for-delay clause renders the clause ambiguous as to whether plaintiff is entitled to be compensated for costs incurred as a result of such delays, which requires discovery to discern the parties' intent (see Eldor Contr. Corp. v County of Nassau, 6 AD3d 654, 655 [2d Dept 2004]; see generally Khayyam v Doyle, 231 AD2d 475, 476 [1st Dept 1996]).
Absent the ambiguity created by the handwriting addition, the no damage for delay clause is otherwise enforceable because plaintiff's delay claims were contemplated by the agreement and therefore no exception to the enforceability of a "no damages for delay" clause applies (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d 595, 597 [2d Dept 2019]; LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp., 91 AD3d 485, 485-486 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023